Garsh, E. Susan, J.
The defendant seeks an order that will prevent counsel for each party, or their agents, from making extrajudicial statements to the media that would have a substantial likelihood of materially prejudicing potential jurors or witnesses. After review and hearing, for the following reasons, the motion is denied without prejudice.
BACKGROUND
The defendant, Aaron Hernandez, has been indicted for murder and other related charges. The case has generated significant media attention. In some reports, statements have been attributed to unnamed law enforcement sources.
DISCUSSION
Undoubtedly there is a legitimate interest in “protect[ing] the integrity and fairness of a State’s judicial system . . .” Gentile v. State Bar of Nevada, 501 U.S. 1030, 1075 (1991). In order to further the State’s interest in fair trials, speech by attorneys representing clients in pending cases may be regulated under a standard less demanding than “clear and present danger” of actual prejudice or imminent threat. Id. at 1074. Proof of a “substantial likelihood of material prejudice” satisfies the First Amendment. Id. at 1075.
At present, well before the trial is scheduled to be underway, the order requested by the defendant is not warranted. Whether or not the court issues the requested order, significant continued publicity appears to be inevitable given the intense interest in this and related cases, the publicly available records, and the public proceedings that have occurred and will continue to occur. “(P]retrial publicity—even pervasive, adverse publicity—does not inevitably lead to an unfair trial.” Commonwealth v. Toolan, 460 Mass. 452, 463 (2011), quoting Skilling v. United States, 130 S.Ct. 2896, 2916 (2010); Commonwealth v. McCowen, 458 Mass. 461, 476 (2010) (risk from “substantial pretrial publicity” obviated by individual voir dire). The defendant has only recently been indicted. Jury selection likely is months away. A searching voir dire is a means to ferret out persons who cannot be fair and impartial because of pretrial publicity.
More importantly, the order being sought would, in effect, simply require the parties to comply with Supreme Judicial Court Rule 3:07, the Massachusetts Rules of Professional Conduct, and the parties have stipulated that they will be bound by that Rule.[1] The Commonwealth opposes entry of the requested order in light of its stipulation. At this stage, the Massachusetts Rules of Professional Conduct constitute the least restrictive alternative.
In relevant part, Rule 3.6 of the Rules of Professional Conduct states:
(a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.
(b) Notwithstanding paragraph (a), a lawyer may state:
(1) the claim, offense, or defense involved, and, except when prohibited by law, the identity of the persons involved;
(2) the information contained in a public record;
(3) that an investigation of the matter is in progress;
(4) the scheduling or result of any step in litigation;
(5) a request for assistance in obtaining evidence and information necessary thereto;
(6) a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest; and
*446 (7) in a criminal case, in addition to subpara-graphs (1) through (6): (i) the identity, residence, occupation, and family status of the accused; (ii) if the accused has not been apprehended, information necessary to aid in apprehension of that person; (iii) the fact, time, and place of arrest; and (iv) the identity of investigating and arresting officers or agencies and the length of the investigation.
(c) Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer’s client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.
(d) No lawyer associated in a firm or government agency with a lawyer subject to paragraph (a) shall make a statement prohibited by paragraph (a).
In addition to Rule 3.6(a), which applies both to defense counsel and to prosecutors, Rule 3.8 of the Rules of Professional Conduct imposes additional responsibilities on a prosecutor. It requires a prosecutor to:
exercise reasonable care to prevent investigators, law enforcement personnel, employees, or other persons assisting or associated with the prosecutor in a criminal case from making an extrajudicial statement that the prosecutor would be prohibited from making under Rule 3.6.
Mass.R.Prof.C. 3.8(g). It also provides that a prosecutor shall:
except for statements that are necessary to inform the public of the nature and extent of the prosecutor’s action and that serve a legitimate law enforcement purpose, refrain from making extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused.
Mass.R.Prof.C. 3.8(g). In other words, a prosecutor “can, and should, avoid comments which have no legitimate law enforcement purpose and have a substantial likelihood of increasing public opprobrium of the accused.” Comment 5 to Mass.R.Prof.C. 3.8.
Section 3 of Supreme Judicial Court Rule 4:01 makes it clear that if counsel in this case flout the Rules of Professional Conduct governing extrajudicial statements, they may be subject to disciplinary action. It provides, in relevant part, that “(e]ach act or omission by a lawyer, individually or in concert with any other person or persons, which violates any of the Massachusetts Rules of Professional Conduct (see Rule 3:07), shall constitute misconduct and shall be grounds for appropriate discipline . . .” S.J.C. Rule 4:01, §3(1). The discipline for a violation ranges from admonition by bar counsel to disbarment. S.J.C. Rule 4:01, §4.
At this time, the Court concludes that the Rules of Professional Conduct, coupled with an admonition from the Court, make it unnecessary to issue an order that would hold out the prospect of enforcing a violation of Rules 3.6 and 3.8 by way of civil and criminal contempt. A substantial likelihood that, without the threat of contempt, the Commonwealth will violate its obligations under the Rules of Professional Conduct has not been shown. The reasons for issuing an order may become more compelling as trial nears and if the rules are flouted. Cf. United States v. Cutler, 58 F.3d 825, 829-31 (2d Cir. 1995) (order to comply with local rule on extrajudicial statements, issued only after counsel had been admonished by the court to observe the local rule and after evidence was presented that the admonition had been wholly ineffective, may be enforced by way of criminal contempt).
Failure to issue an order at this time should not be deemed to constitute endorsement of counsel trying the case in the media or allowing their agents to do so. “Legal trials are not like elections, to be won through the use of the meeting-hall, the radio, [television, social media] and the newspaper.” Bridges v. California, 314 U.S. 252, 271 (1941).
Accordingly, any attorney who is participating or who has participated in the investigation or litigation of this matter is strongly admonished to read and to comply with Rule 3.6 and to take steps, preferably in writing, to remind any lawyer associated in a firm or government agency with such an attorney that the lawyer cannot make a statement prohibited by Rule 3.6(a) and to clarify that the prohibited statements include, but are not limited to, (a) statements reflecting the prior criminal record or the character, background, reputation, or prior bad acts of the defendant or any co-defendant; (b) the existence or contents of any statements made by the defendant or any co-defendant to any law enforcement personnel or the refusal or failure of the defendant or any co-defendant to make any statements to law enforcement personnel; (c) the results of any forensic testings; (d) the prior statements or credibility or any prospective witness; and (e) the substance of any evidence any party anticipates seeking to introduce at trial to the extent such information is not contained in a public record.
In addition, any attorney who is participating or who has participated in the investigation or litigation of this matter as a prosecutor is further strongly admonished to read and to comply with Rule 3.8(g) and to exercise reasonable care to prevent investigators, law enforcement personnel, employees or other persons assisting or associated with the prosecutor from making an extrajudicial statement that the prosecutor would be prohibited from making under Rule 3.6, including, but not limited to, (a) statements reflecting the prior criminal record or the character, background, reputation, or prior bad acts of the defendant or any co-defendant; (b) the existence or *447 contents of any statements made by the defendant or any co-defendant to any law enforcement personnel or the refusal or failure of the defendant or any co-defendant to make any statements to law enforcement personnel; (c) the results of any forensic testings; (d) the prior statements or credibility or any prospective witness; and (e) the substance of any evidence any parly anticipates seeking to introduce at trial to the extent such information is not contained in a public record. Preferably, the prosecutors will explain the prohibition, in writing, to said law enforcement personnel, employees, or other persons and warn of disciplinary consequences should they make on or an off-the-record statements in violation of the Rule.
ORDER
For the reasons stated above, it is ORDERED that the defendant’s Motion for Order Prohibiting Prejudicial, Extrajudicial Statements of Counsel and their Agents be and hereby is DENIED without prejudice.

In addition to utilizing the “substantial likelihood of materially prejudicing an adjudicative proceeding” language found in Rule 3:07, the proposed order specifically would preclude the lawyers and their agents from making extrajudicial statements concerning (a) the prior criminal record or the character, background, reputation, or prior bad acts of the defendant or any co-defendant; (b) the existence or contents of any statements made by the defendant or any co-defendant to any law enforcement personnel or the refusal or failure of the defendant or any co-defendant to make any statements to law enforcement personnel; (c) the results of any forensic testings; (d) the prior statements or credibility or any prospective witness; and (e) the substance of any evidence any party anticipates seeking to introduce at trial. At the hearing on the defendant’s motion, the Commonwealth agreed with the defendant that the making of such statements, if not reflecting information contained in a public record, would violate Rule 3:07 and that the Commonwealth would refrain from making such statements.